IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

JAMES HAYES, III-BEY,               )
                                     )      4:10-cr-00131-REL-RAW
          Petitioner,                )
                                     )
vs.                                  )      FINDINGS AND CONCLUSIONS
                                     )      ON INEFFECTIVE ASSISTANCE
JOHN F. AULT, Warden, Iowa           )      OF COUNSEL CLAIM PERTAINING
State Penitentiary,                  )      TO SEARCH WARRANT HEARSAY
                                     )      AND FINAL REPORT AND
          Respondent.                )      RECOMMENDATION


          On April 4, 2013 the undersigned entered partial findings

and conclusions preparatory to recommendation on the Petition for

Writ of Habeas Corpus in this case [23] ("April 4 Findings"). The

April 4 Findings addressed all of the issues raised by Petitioner

except the ineffective assistance of counsel "search warrant

hearsay" claim. The Court found itself unable to address that claim

because it had not factually or legally been presented to the Iowa

courts and appeared to have been procedurally defaulted. (*Id.* at

36-39). Procedural default had not been raised by Respondent,

indeed Respondent had not addressed the ineffective assistance

search warrant hearsay claim at all. The Court was reluctant to

proceed without hearing from the parties on the procedural default

question. Counsel were directed to within twenty days file

supplemental briefs addressing the issue, and they have both done

so.

Respondent argues the ineffective assistance search warrant hearsay claim[1] is procedurally defaulted because it was abandoned in Hayes' first postconviction ("PCR") action, was found in Hayes' second PCR action to have been barred by the statute of limitations (Iowa Code § 822.3), and in any event Hayes failed to exhaust his available state court remedies.

As Hayes views the record, in the first PCR hearing his counsel "generally referred to the hearsay issues" preserved for postconviction review by the Iowa Court of Appeals in affirming his conviction. *See State v. Hayes*, 2000 WL 1675592, at *5 (Iowa App. Nov. 8, 2000). He directs the Court's attention to lines 6-9 on page 13 of the first PCR transcript. (Pet. Supp. Br. [25] at 4). On appeal Hayes' first PCR appellate counsel (a different lawyer than first PCR trial counsel) in his Iowa R. App. P. 6.104 *Anders*-like motion for leave to withdraw discussed the first PCR trial record and ruling as if the ineffective assistance search warrant hearsay claim had been presented and decided with the ineffective assistance recorded statement hearsay claim. As the Court understands Hayes' argument, the ineffective assistance search warrant hearsay claim was before both the first PCR trial court and

---

[1] Petitioner Hayes has alleged ineffective assistance with respect to two items of hearsay which entered the trial record, referred to as the "recorded statement hearsay" and the "search warrant hearsay." What these are is explained in the April 4 Findings at 7-9.

2

Iowa Supreme Court, implicitly decided by both, and thus not procedurally defaulted.

The problem with Hayes' argument is that even taking the broadest view of the first PCR trial and appellate proceedings, the factual and legal basis for the ineffective assistance search warrant hearsay claim were simply never presented to the Iowa courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(federal habeas petitioner must "fairly present" his claim in each appropriate state court, trial and appellate). The claim was pleaded, but not developed. It is clear from the first PCR hearing transcript that the only issue presented to the PCR trial court was the ineffective assistance recorded hearsay claim. (*See* April 4 Findings [23] at 10-11, 36). When the lines on page 13 of the PCR transcript highlighted by Hayes are read together with the discussion between court and counsel on page 12 of the transcript, it is evident the first PCR trial court was told the sole issue was the recorded statement hearsay. Nothing was said about the search warrant hearsay. The first PCR trial court in its ruling said the ineffective assistance recorded statement hearsay claim was "the only issue . . . presented," and that was the only issue the court decided. (Habeas Ex. 3(c), First PCR Ruling at 2-4). This Court very much doubts that the mingling of the two ineffective assistance hearsay issues in first PCR appellate counsel's Rule 6.104 motion would have prompted the Iowa Supreme Court to give

merits consideration to a claim neither litigated nor decided by the trial court, something which would have been evident to the court from its "independent review of the record." (Habeas Ex. 4(c)).

Hayes again pleaded both ineffective assistance hearsay claims in his second PCR proceedings. These were among the claims the second PCR trial court ruled were time-barred by Iowa Code § 822.3. (*See* April 4 Findings at 13-14 & n.10, 38; Second PCR Ruling [17-1-119] at 4).

The ineffective assistance search warrant hearsay claim was not fairly presented to the Iowa courts in the first PCR proceeding. It was too late to do so in the second PCR proceeding, and in fact the claim was also not fairly presented in the second proceeding. (*See* April 4 Findings at 37). As a result the claim has been procedurally defaulted. Cause and prejudice have not been shown to excuse the default, nor is consideration of the claim necessary to prevent a miscarriage of justice. *See Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009). As Respondent notes, the U.S. Supreme Court has recently held that where state proceedings require a claim of ineffective assistance of counsel to be raised in "an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from reviewing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, . . . counsel in that proceeding was

ineffective." *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S. Ct. 1309, 1320 (2012). The Iowa Court of Appeals reserved the ineffective assistance search warrant hearsay claim for PCR proceedings, the first of which was an initial-review collateral proceeding. *Hayes,* 2000 WL 1675592, at *5. Ineffective assistance of first PCR trial counsel in abandoning the search warrant hearsay claim has not been alleged or demonstrated as cause for the procedural default.[2]

As Petitioner has procedurally defaulted on the ineffective assistance search warrant hearsay claim, and has not shown a right to federal habeas relief on any other claim presented, the undersigned respectfully RECOMMENDS that the Petition for Writ of Habeas Corpus [1] be **denied**.

IT IS ORDERED that the parties shall have until **May 20, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp.

---

[2] In the Iowa courts such a claim could have been raised on appeal from the first PCR ruling or, if not then known, in the second PCR proceeding. (*See* Second PCR Ruling [17-1-119] at 4 (noting all of Hayes' second PCR claims were time-barred unless he could "demonstrate they . . . are the result of ineffective assistance of counsel in *both* his original case and in his first post-conviction relief proceeding")(emphasis original))). Iowa recognizes ineffective assistance of post-conviction counsel as a basis to excuse the failure to raise an issue in prior proceedings. *See Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994). The claim would not have been time-barred by the three-year limitations period in § 822.3 because the limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 29th day of April, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE